IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID RUSSELL RODGERS AND
BENJAMIN D. BROOKS,
Individually and on behalf of all others
similarly situated                                                                           PLAINTIFFS

vs.                                        Civil No. 1:09-cv-01054

REMINGTON ARMS COMPANY, INC.                                               DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**BEFORE** the Court is the Defendant's Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 9).[1] This motion was referred to this Court by the Honorable Harry F. Barnes pursuant to 28 U.S.C. § 636(b)(1). (Doc. No. 25). The Court has reviewed the motion and finds said Motion should be denied as moot.[2]

On February 1, 2010, Defendant filed its Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 9). On February 23, 2010 Plaintiff's filed their Amended Class Action Complaint. (Doc. No. 16). Following this, on March 12, 2010, Defendant filed a second Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) which was filed in response Plaintiff's amended complaint. (Doc. No. 20).

Plaintiff's original complaint has been superseded by the filing of an amended complaint. *See*

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

[2] Defendant's second Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 20), also referred to this Court, is still pending and will be scheduled for hearing shortly.

1

*Brown Sheet Iron & Steel Co. V. Maple Leaf Oil & Refining Co.,* 68 F. 2d 787, 788 (8th Cir. 1934).[3]

Accordingly, the undersigned recommends Defendant's Motion To Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 9) be **DENIED** as moot.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED** this **20th day of August, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[3] *See also Brasel v. Weyerhaeuser Co.*, 2008 WL693805 *1, *2 (W.D. Ark. March 12, 2008)(this Court followed the rule of *Brown Sheet Iron & Steel Co.* and held that an amended complaint entirely supercedes an original complaint).