IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

BENJAMIN D. BROOKS                                                              PLAINTIFFS
DAVID RUSSELL RODGERS
   *Individually and on behalf of*
   *all others similarly situated*

vs.                                    Civil No. 1:09-cv-01054

REMINGTON ARMS COMPANY, INC.                                                    DEFENDANT

**REPORT AND RECOMMENDATION**
**OF A UNITED STATES MAGISTRATE JUDGE**

    Before this Court is Defendant's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted.  ECF No. 20.  Defendant filed this Motion on March 12, 2010.  *Id.*  On March 26, 2010, Plaintiffs responded to Defendant's Motion.  ECF No. 22.  This Motion was referred to the undersigned on August 20, 2010.  This Court held a hearing on this Motion on October 5, 2010 in Texarkana, Arkansas.  ECF No. 28.  Counsel for all parties attended and represented their clients at this hearing.

**1. Background**

    On December 10, 2009, Plaintiffs filed their original complaint.  ECF No. 1.  Thereafter, on February 23, 2010, after requesting and being granted leave to file, Plaintiffs filed their amended complaint.  ECF No. 16.  In this amended complaint, Plaintiffs purport to represent both themselves and "all other similarly situated" as a part of a nation-wide class action lawsuit.[1]  *Id.*  Plaintiffs are bringing this lawsuit raising both breach of express warranty and breach of implied warranty claims.

---

[1] This is a purported class action because Plaintiffs' class has not been certified.

*Id.* at 19-21.  This is a diversity of jurisdiction case pursuant to 28 U.S.C. § 1332.  *Id.* ¶ 3.

In their amended complaint, Plaintiffs claim in 2006 and 2007, they purchased a "new Model 700 Remington bolt-action rifle for more than $400." *Id.* ¶ 9.  Plaintiffs claim both of these rifles they purchased "contained a 'Walker' fire control system." *Id.*  Plaintiffs claim this "Walker" system "can (and often does) fire without a trigger pull upon release of the safety, movement of the bolt, or when jarred or bumped." *Id.* ¶ 11.  Plaintiffs allege that a "design defect" which allows a separation between the trigger and connector causes this problem:

> . . . because the connector is not bound to the trigger, during the recoil action after each firing of the rifle, the connector separates from the trigger body several times and creates a gap between the two parts. . . . The result of this defect (the separation) is to allow dirt, debris or manufacturing scrap . . . [to become] . . . lodged in the space created between the connector and the trigger, preventing the connector from returning to its original position.

*Id.* ¶ 17.

Plaintiffs do not claim in their amended complaint that their rifles have actually misfired resulting in personal injury or causing property damage.  Instead, in stating a claim for damages, Plaintiffs allege their rifles "manifest the defect" because this design defect is present in all the guns with the "Walker" system.  ECF No. 16 ¶ 57.  Plaintiffs allege that once the rifles are fired, the debris and dirt are "free to enter" the housing of the rifle. *Id.*  Because their rifles have been fired, the debris and dirt have been "free to enter." *Id.*  Thus, their rifles have manifested the defect. *Id.*  Plaintiffs do not allege that their rifles have been found to contain dirt and debris which resulted from this separation.  Instead, Plaintiffs allege that rifles like their rifles have been inspected and have manifested the defect, namely the separation between the connector and the trigger.

Plaintiffs then raise two causes of action: (1) breach of express warranty and (2) breach of

2

implied warranty. ECF No. 16 ¶¶ 58-67. For the express warranty, Plaintiffs claim Remington warranted that its rifles "will be free from defects in material and workmanship." *Id.* ¶ 59. Plaintiffs claim Remington breached this warranty "by providing Plaintiffs and the Class Members with rifles containing defective fire controls and then refusing to recall the firearms containing these defective fire controls." *Id.* ¶ 60. Plaintiffs claim they "have suffered present, actual injury and loss as a result of Remington's defective product of approximately $450 each." *Id.* ¶ 62.

Plaintiffs also allege a breach of an implied warranty against Remington. ECF No. 16 ¶¶ 63-67. Plaintiffs claim that "Remington impliedly represented and warranted that its rifles were free of defects; of merchantable quality; and/or fit for their intended purpose." *Id.* ¶ 64. Plaintiffs claim that as a result of this breach, they "have suffered present, actual injury and loss . . . of approximately $450 each." Based upon these allegations, Plaintiffs claim that they and the proposed class members "are entitled to damages in the aggregate amount in excess of $5,000,000.00." *Id.* ¶ 67.

After Plaintiffs filed their amended complaint, Defendant then filed a Motion to Dismiss. ECF No. 20. In this Motion, Defendant requests that Plaintiffs' case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs failed to state a claim upon which relief can be granted. *Id.* Plaintiffs responded to this Motion on March 26, 2010 and request that it be denied. ECF No. 22. This motion is currently before this Court.

**2. Applicable Law**

Pursuant to FED. R. CIV. P. 12(b)(6), a case may be dismissed if the plaintiff fails to "state a claim upon which relief can be granted." In assessing whether a plaintiff has failed to state a claim, a court should first presume the facts as stated are true. *See Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949-50 (2009). Second, a court must determine whether the plaintiff pleads factual content that allows

the court to draw the reasonable inference "that the defendant is liable for the misconduct alleged." *Id.* Dismissal is not proper when the factual allegations in a complaint, which are assumed to be true, are sufficient to state a claim to relief that is plausible on its face. *See Hawks v. J.P. Morgan Chase Bank,* 591 F.3d 1043, 1049 (8th Cir. 2010) (internal quotation marks and citations omitted).

3. <u>Discussion</u>

Plaintiffs raise two causes of action in their amended complaint: (A) breach of implied warranty and (B) breach of express warranty. ECF No. 16. Because these two warranty claims have different elements and the arguments associated with each are different, this Court will address each of these claims separately.

    A.    **Breach of Implied Warranty**

In their amended complaint, Plaintiffs claim that "Remington impliedly represented and warranted that its rifles were free of defects; of merchantable quality; and/or fit for their intended purpose." ECF No. 16 ¶ 64. Plaintiffs claim that, because this "Walker" fire control system is defective, Remington breached its implied warranty to Plaintiffs. *Id.* ¶¶ 64-67. Plaintiffs allege benefit-of-the-bargain damages of approximately $450.00 each, claiming they bought rifles that should have been defect-free when, in fact, those rifles were defective. *Id.* ¶ 67. Plaintiffs now claim those rifles have no value and are worthless.

As a diversity case, the law in the State of Arkansas applies as the substantive law. *See Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). In reviewing the law in Arkansas, the case of *Wallis v. Ford Motor Company,* 362 Ark. 317, 208 S.W.3d 153 (2005) is important to consider. In the *Wallis* case, the Arkansas Supreme Court addressed the issue of whether benefit-of-the-bargain damages were allowable under Arkansas common-law fraud or the Arkansas Deceptive Trade

Practices Act (ADTPA) where no defect had been manifested. *Id.* The *Wallis* court held that those damages were not allowable. 208 S.W.3d at 329. The *Wallis* court held that benefit-of-the-bargain damages for common-law fraud and ADTPA violations were not recoverable unless "the actual product received by the purchaser manifests that it is different from that which was promised." *Id.* at 319. Otherwise, the plaintiffs suffer from no "cognizable injury." *Id.* at 329.

Following the same logic as used in the *Wallis* case, U.S. District Judge James M. Moody dismissed an implied warranty claim where there was no allegation that the plaintiff's product had malfunctioned as a result of the purported defect. *Roberts v. Sunbeam Products,* No. 4:05-cv-000183, 2005 WL 3447609, at *1 (E.D. Ark. December 14, 2005). Judge Moody stated that the plaintiff had not established "at the time her blanket left the control of the manufacturer, it was in a defective condition, and that such defective condition was the proximate cause of an injury." *Id.* Thus, the plaintiff could not recover on a breach of implied warranty claim.

Plaintiffs attempt to avoid the requirements of the *Wallis* case by including a provision in their amended complaint regarding a "manifestation of the defect." ECF No.16 ¶ 57. Plaintiffs claim that even though their rifles have never misfired, they "manifest the defect" which is present in all guns with a "Walker" fire control system. *Id.* Plaintiffs claim that the "product defect manifests itself each time the rifle is fired, and both of Plaintiffs' Subject Rifles has been fired." *Id.* Thus, Plaintiffs claim both their rifles have "manifested a defect." *Id.*

This Court finds Plaintiffs' argument is fundamentally flawed for two reasons. First, even assuming Plaintiffs can state a cognizable cause of action for breach of implied warranty based only upon their "injury" being this "manifestation of a defect," Plaintiffs still have not properly alleged that their rifles in fact manifested this alleged defect. Indeed, Plaintiffs only state in their amended

5

complaint that "all rifles" which contain the "Walker" based fire control system have this problem. Plaintiff notably do not allege that "dirt, debris or manufacturing scrap" has become lodged in "the space created between the connector and the trigger" *in their rifles*. Then, they surmise that because their rifles have both (1) been fired and (2) contain this fire control system, their rifles have manifested this defect.[2] ECF No. 16 ¶ 57. This is simply not sufficient. Under the *Wallis* case, damages must be alleged by Plaintiffs themselves in order to state a cognizable claim. *See Wallis,* 362 Ark. at 326. To meet this requirement, Plaintiffs should have alleged that *their rifles* had been fired, that *their rifles* had dirt and debris accumulate in the fire control system after the rifle had been fired, and that this accumulation of dirt and debris created a danger of misfiring, thereby manifesting the alleged defect.

Second, had Plaintiffs properly pled their damages, this Court finds those "damages" would still not be sufficient under the *Wallis* case to state a cognizable cause of action.[3] Notably, although the *Wallis* court only addressed fraud and a violation of the ADTPA, the same analysis applies to a breach of implied warranty claim. *See Roberts,* 2005 WL 3447609, at *1 (applying *Wallis's* logic to a breach of an implied warranty claim). The *Wallis* court held the following:

> The striking feature of a typical no-injury class is that the plaintiffs have either not yet experienced a malfunction because of the alleged defect or *have experienced a malfunction but not been harmed by it.*

*Id.* at 324 (emphasis added). Based upon that language, in this case, giving every benefit of the

---

[2] To ensure this Court properly understood Plaintiffs' pleading in this matter, Plaintiffs were even directly asked whether they pled that *their rifles* contained dirt or debris or had a "separation" as a result of this "design defect." Plaintiffs stated they had not.

[3] If this were just a pleading defect, this Court would be inclined to recommend that leave be given such that Plaintiffs could amend their pleadings. Since, however, more than just a pleading defect is involved, this Court declines to make such a recommendation.

doubt to Plaintiffs, even if this "manifestation" had caused them to experience a "malfunction" by dirt and debris collecting, they still have not "been harmed by it." Plaintiffs only claim a reduction in value of their rifles such that those rifles are now worthless. Under *Wallis,* such benefit-of-the-bargain damages without any other damages are barred. Thus, this Court recommends that Defendant's Motion to Dismiss as to Plaintiffs' breach of implied warranty claim be **GRANTED.**

### B.     Breach of Express Warranty

Based upon the analysis outlined above, Defendant alleges Plaintiffs' breach of express warranty claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Defendant also claims Plaintiffs' express warranty claim should be dismissed because Plaintiffs failed to properly plead reliance and because a design defect claim is not covered by this express warranty. This Court will address Defendant's arguments as well as the deficiencies in Plaintiffs' amended complaint.[4]

#### 1.     Plaintiffs' Amended Complaint

As an initial matter, this Court has reviewed Plaintiffs' amended complaint and, as noted above, finds Plaintiffs have not alleged that *their rifles* have actually accumulated any dust or debris or otherwise "manifested a defect" so as to show that they have been damaged. Thus, based upon the pleadings, this Court cannot find Plaintiffs have properly pled damages, which are essential to establish a breach of express warranty. *See Briehl v. General Motors Corp.,* 172 F.3d 623, 630 (8th Cir. 1999) (holding that the plaintiff's claims for breach of an implied and express warranties, fraudulent misrepresentation, fraudulent concealment, and fraud were deficient because the plaintiffs failed to plead damages "an essential element of each claim"). Thus, based upon this determination

---

[4] This Court will not address Defendant's claim regarding whether this design defect claim is covered by the express warranty given. It appears this would be an issue of first impression for Arkansas and without further briefing and because this case should otherwise be dismissed, this Court does not address this issue.

alone, this Court finds dismissal is appropriate.

### 2.     Reliance in an Express Warranty Claim

Further, even assuming Plaintiffs had pled damages, this Court also finds Plaintiffs' express warranty claim fails because Plaintiffs failed to allege that they relied on Remington's representations regarding workmanship.[5] Instead of pleading reliance, Plaintiffs stated the following in their amended complaint: "Because the affirmations of fact [the express warranty] made by Remington about the goods during the bargain are regarded as part of the description of those goods, *no reliance is necessary to make such affirmations part of the agreement. See* UCC 2-313, comment 3."  ECF No. 16 ¶ 59 (emphasis added).

The parties then argue extensively in their briefing about whether the element of reliance is required.  Defendant relies heavily upon the Arkansas Supreme Court case *Ciba-Geigy Corp. v. Alter,* 309 Ark. 426, 834 S.W.2d 136 (1992) and the Arkansas federal court case *Clayton v. Batesville Casket Co., Inc.,* No. 07-00214, 2009 WL 2448164, at *5 (E.D. Ark. Aug. 10, 2009) (Moody, J.) to support its claim that reliance is required.  ECF No. 21 at 13-15.  Plaintiffs dispute the holdings of those cases and claim that reliance is not an element of their breach of express warranty claim.  ECF No. 22 at 12-13.  In support of their claim, Plaintiffs rely heavily upon Comment 3 of Ark. Code Ann. § 4-2-313 (the UCC).  *Id.*

In evaluating the issue of whether reliance is required for an express warranty claim, this Court must once again apply the substantive law of Arkansas.  In *Ciba-Geigy Corporation v. Alter,* 309 Ark. 426, 834 S.W.2d 136 (1992), the Arkansas Supreme Court addressed the reliance

---

[5] Again, if this were just a pleading defect, this Court may be inclined to recommend that leave be given such that Plaintiffs could amend their pleadings.  Since, however, more than just a pleading defect is involved, this Court declines to make such a recommendation.

requirement for an express warranty claim in considering a party's appeal on a separate issue. In *Ciba-Geigy Corporation,* the Arkansas Supreme Court directly addressed this issue and held that reliance is an essential element of an express warranty claim, and they held that the express warranty "must be part of the basis of the parties bargain." 834 S.W.2d at 447. They also held that "[w]hen a buyer is not influenced by the statement in making his or her purchase, the statement is not a basis of the bargain." *Id.*

Despite this very clear holding, Plaintiffs claim "the Arkansas Supreme Court was careful not to decide this issue [of whether reliance is required for an express warranty claim]." ECF No. 22 at 12. Plaintiffs' characterization of the holding in *Ciba-Geigy Corporation* is misleading. It is true that the Arkansas Supreme Court reversed the case for another reason, and the express warranty issue was not the main issue before them. However, in order to assist the trial court during retrial of the action, that Court also addressed other issues that were present in the case. They specifically held that although the case must be reversed due to one error, they also addressed "[o]ther issues which may arise on retrial," and the Arkansas Supreme Court clearly intended to provide a ruling on this issue.

In their attempt to circumvent the requirements of *Ciba-Geigy Corporation,* Plaintiffs also cite to Comment 3 of Ark. Code Ann. § 4-2-313 (the UCC). Comment 3 states as follows:

> In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement. Rather, any fact which is to take such affirmations, once made, out of the agreement requires clear affirmative proof. The issue normally is one of fact.

This comment to the UCC is persuasive but is not controlling and certainly cannot be used to contradict the holding of Arkansas's highest state court. *See Traylor v. Huntsman,* 253 Ark. 704,

708, 488 S.W.2d 30, 33 (1972) (rejecting the party's reliance on a UCC comment when an Arkansas Supreme Court case contradicted its reasoning). This Court declines to adopt a UCC comment over a holding by the Arkansas Supreme Court. Thus, the Court recommends Defendant's Motion to Dismiss Plaintiffs' express warranty claim be **GRANTED.**[6]

### 4. Conclusion

Based upon the foregoing, this Court recommends that Defendant's Motion to Dismiss (ECF No. 20) be **GRANTED** in its entirety.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** See Thompson v. Nix**, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 27th day of October, 2010.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[6] This Court notes that even if Plaintiffs' case were not dismissed, it is very unlikely this case would be certified because the reliance element of an express warranty claim is such an individualized inquiry that class certification would not be proper. *See Clayton v. Batesville Casket Co., Inc.,* No. 07-00214, 2009 WL 2448164, at *5 (E.D. Ark. Aug. 10, 2009) (Moody, J.) (denying class certification on an express warranty claim because "individualized proof" would be required as to whether an "affirmation of fact or promise was made to each purchaser" and "whether the purchaser was influenced by the representation in making his or her purchase").