IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DAVID RUSSELL RODGERS
and BENJAMIN D. BROOKS,
Individually and on behalf of
all others similarly situated                                                            PLAINTIFFS

V.                                              NO. 09-CV-1054

REMINGTON ARMS COMPANY, INC.                                                DEFENDANT

**ORDER**

Before the Court is the Report and Recommendation filed November 29, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 30). Judge Bryant recommends that Defendant's Motion to Dismiss (ECF No. 20) be granted in its entirety. Plaintiffs have responded with timely objections. (ECF No. 32). Defendant has responded to Plaintiffs' objections (Doc. 34). Plaintiffs have filed a reply to Defendant's response. (ECF No. 35). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

In their amended complaint, Plaintiffs allege that "Remington impliedly represented and warranted that its rifles were free of defects; of merchantable quality; and/or fit for their intended purpose." ECF No. 16 ¶ 64. The Court agrees with the magistrate judge that Plaintiffs' implied warranty claim should be dismissed. To establish a breach of implied warranty claim, Plaintiffs must establish that at the time their rifles left the control of the manufacturer, it was in a defective condition, and that such a defective condition was the proximate cause of an injury. *Roberts v.*

*Sunbeam Products*, No. 4:05-cv-000183, 2005 WL 3447609 at *1. Plaintiffs have not alleged that they have been harmed or injured by the alleged defect in the rifle. Accordingly, their implied warranty claim must fail.

The magistrate also recommends the dismissal of Plaintiffs' express warranty claim because Plaintiffs have not properly pled damages, which are essential to establish a breach of express warranty. *Briehl v. General Motors Corp.*, 172 F.3d 623, 630 (8th Cir. 1999). The Court agrees with the analysis in the well-reasoned opinion of the magistrate judge. As stated above, Plaintiffs have not alleged a that they have been harmed or injured by the alleged defect in the rifle.[1]

For reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (ECF No. 30), Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED**

**IT IS SO ORDERED**, this 12th day of July, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge

---

[1] Plaintiffs assert that their claims sound in contract, which would allow them to recover benefit-of-the-bargain damages. However, the Court disagrees and finds that the heart of this action rests on principles of product liability and is basically a no-injury product liability case.